IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



COMSCORE, INC.,

    Plaintiff and Counterclaim Defendant,

v.                                                  Civil Action No. 2:12cv351

MOAT, INC.,

    Defendant and Counterclaim Plaintiff.

## ORDER

This matter is before the Court on Defendant Moat, Inc.'s ("Defendant" or "Moat") Emergency Motion for Trial Adjournment, Sanctions, and Attorneys' Fees and Costs ("Motion"). Doc. 145. On September 19, 2013, the Court conducted a hearing via conference call. After careful consideration of the parties' briefs and oral argument, the Court ruled from the bench and hereby issues this Order detailing the Court's ruling.

### I.   BACKGROUND AND PROCEDURAL HISTORY[1]

This is a patent case. On July 20, 2012, Plaintiff comScore, Inc. ("Plaintiff" or "comScore") filed its Complaint, alleging Moat infringed several of its patents (the "patents-in-suit") related to software applications used to monitor the display and observation of web content, among other things. 2:12cv695, Doc. 1. In December 2012, the case was reassigned to this Court, and consolidated with two other similar cases, which were terminated in the spring of 2013. 2:12cv695, Doc. 1; 2:12cv351, Docs. 84, 98. Since consolidating the cases, the Court has

---

[1] For a complete factual and procedural history of this case, please see the Court's July 25, 2013 Order.

1

conducted multiple hearings on various pretrial motions, including a Markman hearing, and a hearing on the parties' cross-motions to compel. See generally Docket for 2:12cv351.[2]

The parties have been actively engaged in discovery since the Court issued its Rule 16(b) Scheduling Order ("16(b) Order") on January 30, 2013. Doc. 38.[3] Among other things, the 16(b) Order requires the parties to complete all non-expert witness related discovery by September 9, 2013, and calls for completion of expert-witness discovery on September 23, 2013. Id. This schedule was designed to allow for the completion of discovery well in advance of the October 28, 2013, trial date. Id.

In the instant Motion, Moat asks the Court to issue an Order: (1) expediting briefing on this Motion; (2) granting Moat a sixty (60) day continuance of the trial commensurate extension of all related pre-trial deadlines; (3) permitting Moat to re-take the depositions of key comScore witnesses; and (4) sanctioning Plaintiff comScore, Inc. ("Plaintiff" or "comScore") for what Defendant characterizes as "repeated willful violations of the Court's scheduling orders and stipulated discovery agreements. Doc. 145.

On September 12, 2013, the Court issued an Order setting a hearing on the Motion on September 19, 2013, by telephone. Doc. 187. The Court gave comScore the opportunity to file a written response to the Motion by September 17, 2013. Id. comScore's Response in Opposition ("Opposition") was timely filed. Doc. 198. The Opposition challenges the veracity of the accusations levied by Moat, and accuses Moat of being complicit in much of the complained-of conduct. Id.

---

[2] All future citations to the docket (Doc.) will refer to 2:12cv351.
[3] The parties are required to attend a final pretrial conference on October 17, 2013, and an attorney's conference on October 7, 2013.

2

## II. LEGAL STANDARDS

### A. Trial Continuance

A motion for continuance will only be granted by the Court "for good cause and upon such terms as the Court may impose." E.D. Va. Loc. Civ. R. 7(G). Whether to grant a continuance "is largely committed to the trial judge's discretion." Havee v. Belk, 775 F.2d 1209, 1223 (4th Cir. 1985).

### B. Sanctions for Discovery Violations

Federal Rule of Civil Procedure 37(b) governs the court's authority to impose sanctions for failure to comply with a court's order compelling discovery. See Fed. R. Civ. P. 37(b)(2); see also Rabb v. Amatex Corp., 769 F.2d 996, 999 (4th Cir. 1985).[4] A district court "enjoy[s] nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 426 (4th Cir. 1996). These sanctions include directing that certain facts be taken as established for the purposes of the underlying action, prohibiting the disobedient party from supporting or opposing certain claims or defenses, striking pleadings in whole or in part, rendering a default judgment against the disobedient party, or dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). The Rule also provides that a court must order the disobedient party to pay the reasonable expenses, including attorney's fees caused by the failure to comply with a discovery order, unless such failure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C). An award of expenses may be instead of, or in addition to, other sanctions. Id.

---

[4] A court is also authorized to impose such sanctions if a party (or its counsel) fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C).

3

## III. DISCUSSION

### A. Trial Continuance

Moat asks the Court to grant a sixty (60) day trial continuance because it has been prejudiced by "comScore's intentional litigation misconduct." Doc. 146 at 4. Specifically, Moat accuses comScore of repeatedly failing to adhere to discovery deadlines set by the Court or the parties' agreement, and various deposition misconduct. See generally Doc. 146. Moat contends that the alleged misconduct has prevented it from developing a meaningful factual record to defend itself at trial. Doc. 146 at 6.

comScore argues Moat's request lacks merit and is part of Moat's trial counsel's longstanding efforts to delay the trial. Doc. 198 at 3. comScore also contends that Moat has not been prejudiced by the alleged misconduct, and that any inability to timely develop the factual record can be attributed to Moat's late start with discovery and their failure to timely and efficiently address discovery issues. Doc. 198 at 3-8.

The parties offered lengthy factual arguments in support of their respective positions, which the Court declines to recount. The Court **FINDS** that Defendant has not stated sufficient grounds to warrant a trial continuance. Accordingly, Defendant's request for a continuance is **DENIED**. However, because the Court is unavailable to preside over a trial as originally scheduled, trial will commence on either October 29th or 30th, 2013.[5]

### B. Sanctions for Discovery Violations

Moat asks the court to impose sanctions on comScore for "repeated, willful violations of the Court's scheduling Orders and the Parties' discovery agreements. Doc. 146 at 4. In addition to these unspecified sanctions, Moat seeks (1) an award of attorneys' fees and costs of "not less than $450,000;" and (2) an order permitting Moat to "re-take the depositions of key comScore

---

[5] The Court will communicate the precise start date to the parties at a later date.

4

witnesses who were instructed by counsel not to answer questions and/or whose documents were provided to Moat only hours or days before their depositions." Id.[6] In support of this request, Moat raises several allegations of discovery misconduct against comScore. The Court will only address those allegations that it believes warrant sanctions.

i. Failure to Attend a Noticed Deposition

On August 23, 2013, counsel for Moat travelled from Boston to New York to attend a third party deposition, noticed by comScore, only to find it had been cancelled. As a result, Moat, incurred $2,666.00 in fees and travel expenses. The Court **FINDS** recovery of attorneys' fees and costs for this oversight is an appropriate remedy for comScore's failure to timely notify Moat of the cancellation. See Fed. R. Civ. P. 30(g). Accordingly, the Court **ORDERS** comScore to pay Moat $2,666.00.

ii. Magid Abraham Deposition

Moat raises several issues associated with the deposition of Magid Abraham, comScore's Chief Executive Officer. Moat contends that the scope and duration of Mr. Abraham's deposition was improperly limited, as the Court relied on statements by comScore that misrepresented the extent of Mr. Abraham's knowledge and involvement in the instant action and prior litigation involving the patents-in-suit ("Nielsen Litigation"). Additionally, Moat asserts that its efforts to depose Mr. Abraham were hampered by his evasive answers as well as a heated exchange that took place during a break in the deposition.

The Court **FINDS** that Moat's efforts to depose Mr. Abraham were improperly limited. Accordingly, the Court **GRANTS** Moat's request to retake Mr. Abraham's deposition. The

---

[6] Specifically, Moat seeks to re-take depositions of seven (7) of its ten (10) individuals noticed for depositions: Magid Abraham, Linda Abraham, Serge Matta, Yonathan Nutta, Anne Hunter, Michael Brown, and Umar Arshad.

5

Court **ORDERS** comScore to produce Mr. Abraham for a second deposition in New York, at a date to be chosen by the parties.

### iii. Rule 30(b)(6) Depositions – Mr. Brown and Mr. Arshad

Moat contends that it was unable to develop its factual record on issues related to (1) the Nielsen Litigation and the invalidity of the patents-in-suit, and (2) comScore's claims of patent infringement. This is because, Moat claims, comScore's Rule 30(b)(6) witnesses on these topics refused to answer questions, instead improperly invoking various privileges and objections. Doc. 146 at 13-15.

The Court **FINDS** that on several occasions, comScore's counsel improperly instructed its 30(b)(6) witnesses not to answer a question to which counsel objected, in violation of Federal Rule of Civil Procedure 30(c)(2). Accordingly, the Court **GRANTS** Moat's request to retake the depositions of Mr. Brown and Mr. Arshad. If counsel has any objections to the manner in which the examination is conducted, counsel must note the objection on the record, allow the deponent to answer the question, and raise the issue with the Court.

## IV. CONCLUSION

For the reasons stated herein and on the record at the September 19, 2013 hearing, Defendant's Emergency Motion for Trial Adjournment, Sanctions, and Attorneys' Fees and Costs, Doc. 146, is **GRANTED-in-part** and **DENIED-in-part**. Defendant's request for a trial continuance is **DENIED**. However, the Court **GRANTS** Defendant's request for sanctions, and **ORDERS** Magid Abraham, Michael Brown, and Umar Arshad to submit to a second deposition. The Court **FURTHER ORDERS** Plaintiff to pay Defendant $2,666.00, reasonable fees for failing to attend its noticed deposition.

In view of the parties' agreement, Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment, or in the alternative Deny or Continue Plaintiff's Motion, Doc. 153, is **DENIED as MOOT**.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: September 25, 2013